(79 South. 153)

LEE v. STATE. (6 Div. 501.)

(Court of Appeals of Alabama. May 28, 1918.)

HOMICIDE ⊂⊃185—PREVENTION OF CRIME—INSANITY OF DECEASED.

In prosecution for homicide, defense being that defendant shot deceased while deceased was in act of committing a felony, defendant's proffered testimony to effect that deceased was insane held to deprive defendant of said defense, in absence of showing that deceased was armed.

Appeal from Circuit Court, Tuscaloosa County; H. B. Foster, Judge.

John Lee was convicted of manslaughter in the first degree, and appeals. Affirmed.

F. Loyd Tate, Atty. Gen., for the State.

BROWN, P. J. The appellant was convicted of manslaughter in the first degree, and was sentenced to the penitentiary for a term of 3 years as a punishment for this offense. The homicide occurred at midnight near defendant's residence, and at the time, as the evidence tends to show, the deceased was attempting to commit a felony, and was intercepted by the defendant in the act; that, when defendant accosted deceased, he turned on defendant, and his conduct was such as would warrant a reasonable man in the belief that he intended to attack defendant. At this juncture, the defendant fired one shot from the rifle, which took effect in the deceased's body, and caused his death. At the time the shot was fired, defendant had no knowledge as to the identity of the deceased, and the undisputed evidence shows that the deceased was unarmed.

Defendant proffered testimony to the effect that the deceased was insane, that a few years before he had become insane on the subject of religion, that he had never recovered, and that he had been an inmate of an insane hospital. The rejection of this evidence by the court constitutes the only exception in the record. While this evidence might have been beneficial to the state and relevant as tending to show that the deceased was not in the act of committing the felony at the time he was killed, it was clearly not beneficial to the defendant. Its tendency was to deprive him of the benefit of the defense that he killed deceased while deceased was in the act of committing a felony, and in the absence of evidence showing that the

---

deceased was armed, and that he was known to defendant at the time defendant fired said shot, such evidence would not aid the defendant in asserting the right of self-defense.

The rulings of the court on the objection to the evidence were correct, and, while the record here may present a case for executive clemency, there is nothing to warrant this court in interfering with the judgment of conviction.

Affirmed.